UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYTIE ANTONIO MORGAN,

    Plaintiff,

against

LOCAL UNION # 417, INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL
AND REINFORCING IRONWORKERS,

    Defendant.

---------------------------------------------------------------x

**COMPLAINT**

**07 CIV. 6229**

JUDGE CONNER

By and through his attorney, Michael H. Sussman, plaintiff hereby states and deposes:

**PARTIES**

1. Plaintiff Cytie Antonio Morgan is a black American who was born in the United States to parents from the United States and Panama. He is of legal age and resides in the County of Orange.

2. Defendant, LOCAL UNION # 417, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND REINFORCING IRONWORKERS, is a labor union with headquarters in the Town of Newburgh.

**JURISDICTION**

3. As plaintiff alleges that defendant discriminated against him on the basis of his race and color, this Honorable Court has jurisdiction pursuant to 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 42 U.S.C. secs. 1981, as amended, and 1988.

**STATEMENT OF FACTS**

4. Plaintiff commenced an apprenticeship program with defendant union in September

2005.

5. Twelve persons were in plaintiff's apprenticeship class.

6. Plaintiff was the only African-American in the apprenticeship class, the only such class defendant initiated that year.

7. Plaintiff was discharged from the apprenticeship program in July 2006.

8. The reasons provided for plaintiff's discharge were pretextual and intended to mask the defendant's racially discriminatory intent.

9. Plaintiff was stereotyped by those in charge of the apprenticeship program and viewed as having characteristics they associated with young African-American men.

10. White apprentices who scored more poorly than did plaintiff on tests were permitted to remain the apprenticeship program.

11. Plaintiff was blamed for misconduct which the union excused when white apprentices engaged in similar conduct.

12. Defendant accepted the adverse accounts of several employers without ever discussing their comments with plaintiff.

13. Plaintiff was denied the opportunity to timely comment on the incidents allegedly reported from several employers.

14. Defendant solicited these adverse employer comments as a means of bolstering its termination of the plaintiff.

15. African-Americans are significantly under-represented in defendant union, as they have been historically.

16. Defendant's conduct was intentionally and maliciously discriminatory.

17. On account of defendant's discriminatory conduct, plaintiff has suffered pecuniary and non-pecuniary losses.

18. Plaintiff has been unable to find comparable employment since his termination by the defendant.

## CAUSES OF ACTION

19. Plaintiff incorporates paras. 1-18 as if fully re-stated herein.

20. Defendant violated 42 sec. 1981, as amended, when it terminated its contractual relationship with plaintiff on the basis of his race and color.

21. Defendant violated section 296 of New York State Executive Law when it terminated plaintiff's employment on the basis of his race and color, a claim over which this Court has pendent jurisdiction pursuant to 28 U.S.C. sec. 1367.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this cause;

b) empanel a jury to hear this matter;

c) award to plaintiff and against defendant compensatory and punitive damages with pre and post-judgment interest;

d) order defendant to restore plaintiff to the apprenticeship program with back pay, seniority and all other work-related benefits;

e) order defendant to pay the attorneys' fees and costs plaintiff incurs in the prosecution of this matter and

f) enter any other order the interests of justice and equity require.

Dated: June 27, 2007
    Goshen, New York

_____
MICHAEL H. SUSSMAN

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991